[Civ. No. 1631.   Fourth Appellate District.—November 17, 1936.]

CHARLES FELKER, Respondent, v. REDLANDS WEST COAST CORPORATION et al., Appellants.

Sidney A. Moss for Appellants.

R. Bruce Findlay and Jay C. Sexton for Respondent.

BARNARD, P. J.—This is an action for damages. The plaintiff was injured when he slipped and fell as a result of stepping upon some wet paint which had been recently applied to a sidewalk in front of a theater operated by the

corporate defendant in the city of Redlands. From a judgment in favor of the plaintiff the defendants have appealed.

The court found that the individual defendants, while acting as employees of the corporate defendant, applied paint to a portion of the sidewalk on Cajon Street in front of the theater; that a city ordinance required that a permit to so paint a sidewalk be first obtained; that no such permit was obtained in this instance; that while said defendants were painting the sidewalk and while the paint was still wet they negligently failed to erect proper barriers and safeguards around the same to protect the public from the dangers thereof; that they did stretch an "electric wire" across the sidewalk at the south line of the theater building and another thirty-six feet to the north thereof at the north line of the theater building; that a pedestrian lane eight feet in width extends across Cajon Street from the center of the front of the theater building; that the outer edge of the sidewalk was not protected by any barrier of any kind; that a large marquee extended about nine feet over the sidewalk the entire width of the theater building; that the paint which was being applied to the sidewalk consisted merely of new paint being applied to a design which had been painted there previously and of the same color, the purpose being merely to brighten up the design and not to change the color or character thereof; that it was difficult in the light under the marquee at the time of the accident to distinguish between those portions of the sidewalk where fresh paint had been applied and those portions to which it had not been applied; that at the time in question the plaintiff, a man 72 years of age, lawfully attempted to walk over and across that portion of the sidewalk in front of the theater building which had not been properly barricaded and stepped upon a portion thereof which had been freshly painted and which was not easily distinguishable from the other portion, and slipped and fell upon said wet paint; that as a direct result of the negligence of the defendants the plaintiff sustained certain named injuries; that at the time the plaintiff attempted to walk across said portion of said sidewalk the individual defendants were applying paint to the floor of the foyer at a point about two feet back from the inside line of the sidewalk; that the plaintiff was not aware that a portion of the sidewalk had been painted and there was nothing which would have called

the same to his attention; that the plaintiff, because of a hip ailment in his youth, had for 40 years been compelled to walk with a cane and was using his cane at that time; that when the plaintiff was walking over that portion of the sidewalk in front of the theater building the individual defendants saw him in time to have warned him of the danger; that they knew or should have known that he was unaware of the .danger; that they neglected to warn him until he had stepped.upon the paint and was falling; and that it is not true, as alleged in the answer, that the plaintiff's injuries were sustained as a result of his failure to exercise ordinary care or caution for his own safety.

▇ The first point raised is that the evidence is not sufficient to show negligence on the part of the appellants, the only argument being that they were merely required to give reasonable notice to the public that the work was being carried on and that such notice was given in this case. The street side of the sidewalk was left unprotected, although a marked pedestrian lane opposite the center of the building constituted an invitation to pedestrians to come upon the sidewalk between the light barriers which had been placed opposite each side of the building. A pedestrian, seeing the sidewalk thus open along the street side, might reasonably have thought that some object was to be moved out of or into the building and might reasonably have considered it safer to pass around the two barriers separately than to take a chance on walking along that part of the street reserved for vehicular traffic. The paint, applied only to certain portions of the sidewalk, without changing the color or the design previously painted thereon, created a special hazard which called for adequate safeguards. The question presented was one of fact. The findings in this regard are fully supported by the evidence and it cannot be said, as a matter of law, that the appellants were not negligent.

▇ It is next argued that the respondent was guilty of contributory negligence as a matter of law. It is contended that the respondent must be presumed to have seen what was in the range of his sight and that he admitted that he did not look to see where he was going. When asked "You could see beyond this barricade, there was nothing to obstruct your view, was there? he replied: "No. If I had looked I could have seen." Again, he was asked: "When you

reached this barricade, if you had looked you could have seen beyond it?" he replied: "I could see beyond it if I had looked, yes, but I stated I was concerned more where I was walking." When asked what he thought the barricade was there for he replied: "It might have been there for any purpose. There wasn't anything there to indicate the sidewalk was not safe to walk on. If I thought anything, I might have thought they were moving in or moving out something." He further testified that he saw the first barricade when he came to it but did not see the other until after he had fallen, and that as he came to the first barricade "I was concerned with my immediate surroundings there. I did not look very far ahead, I couldn't do that." When asked why he could not do that he replied: "From the fact I had to look where I put my cane and where I stepped." He also testified that after he went around the first barricade and stepped back on the sidewalk the light was deficient and he could not see the paint. One of the individual appellants testified: "It was light enough for an ordinary person to see fairly well." Whether or not the respondent was guilty of contributory negligence is purely a question of fact, and the trial court's finding thereon is controlling.

The judgment is affirmed.

Marks, J., and Jennings, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 14, 1937. Shenk, J., and Thompson, J., voted for a hearing.